IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2011-BO

| | |
|---|---|
| ERNEST EARL ORE,<br>    Petitioner,<br><br>v.<br><br>RUEBEN FRANKLIN YOUNG,<br>    Respondent. | ORDER |

Ernest Earl Ore, a state prisoner, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 5, 2013, respondent filed a motion for summary judgment. Mot. for Summ. J., D.E. 22. Petitioner was given notice of the motion, and on June 23, 2014, he filed his response in opposition to the motion.[1] Response, D.E. 29. In this posture, the matter is ripe for determination.

Background

On March 2, 2011, in the Superior Court of Pitt County, petitioner was convicted after trial by jury of assault with a deadly weapon inflicting serious injury (AWDWISI), assault with a deadly weapon with a minor present, assault by pointing a gun, two counts of assault on a female, misdemeanor child abuse, possession of a firearm by a felon, attaining habitual felon status. State v. Ore, 721 S.E.2d 764 (table), 2012 WL 379342 at *1 (N.C. Ct. Apps. 2012). Petitioner was sentenced to two consecutive terms of 96-125 months imprisonment. For trial, petitioner was represented by Taplie Coile. Id.

Petitioner appealed through counsel, Haral E. Carlin. Ore, 2012 WL 379342 at *1. On February 7, 2012, the North Carolina Court of Appeals filed an unpublished opinion finding no

---

[1]Petitioner's response at D.E. 8 is also considered within this order.

prejudicial error. Id. Petitioner has filed no other petitions, applications, or motions concerning this conviction in any state court. On January 14, 2013, petitioner filed his pro se federal habeas petition in this court. Pet., D.E. 1. Respondent moved to dismiss on grounds of non-exhaustion on June 28, 2013. Mot. to Dismiss, D.E. 13. Petitioner responded by voluntarily dismissing his non-exhausted grounds for relief issues nine through 15. Mot., D.E. 17. On October 30, 2013, the dismissal of those claims was allowed. Order, D.E. 18.

Issues

Petitioner contends: (1) the trial court committed reversible error in denying his motion to dismiss the assault with a deadly weapon inflicting serious injury charge for insufficient evidence; (2) the trial court committed reversible plain error by failing to submit a lesser-included offense instruction to the jury; (3) the trial court erred by instructing the jury that, as a matter of law, a handgun is a deadly weapon; (4) the trial court plainly erred in failing to instruct the jury on the charge of assault with a deadly weapon in the presence of a minor that a motor vehicle was a deadly weapon; (5) the trial court erred in overruling petitioner's objection to evidence of an unsigned judgment in the guilt-innocence phase of trial; (6) the trial court erred in overruling petitioner's objection to the admission of an unsigned judgment in the habitual felon phase of trial; (7) the trial court erred in denying petitioner's motion to dismiss the habitual felon charge; and (8) the trial court erred in denying petitioner's motion to continue on ineffective assistance of counsel grounds.

Facts

The North Carolina Court of Appeals summarized the facts from petitioner's trial as follows:

The State's evidence presented at trial tended to show the following: Defendant and Ester Mency ("Mency") were involved in an on-and-off relationship for over six years, having one child together, a five-year-old son. Prior to 10 June 2010, the relationship ended.

On the evening of 9 June 2010, Mency and the child went to visit a female friend and returned to Mency's residence at around 2:00 a.m. on the morning of 10 June 2010. As Mency was taking the child out of the rear passenger side of her car, she saw defendant running towards her, "hollering" and "waving [a] gun in [her] face." After getting the child out of the car, Mency proceeded up the stairs with the child in her arms to the front door of her third-floor apartment. Defendant closely followed Mency up the stairs, pushing and shoving her and threatening to kill her. Mency became afraid that defendant might kill her inside the apartment, so she decided not to go inside the apartment, and proceeded to go back down the stairs. When she reached the second level of the apartment building, defendant shoved the barrel of the gun into her cheek while bending her over the banister of the stairs and again threatened to kill her. After defendant removed the gun from her cheek, Mency tried to walk away from defendant with the child, and defendant hit Mency in the back of the head with "the butt of the gun" as she turned to walk away. Mency's head bled "a little bit" and she screamed in reaction to the pain. Mency then was able to reach the first level of the apartment building with the child, but defendant followed closely behind her with the gun in his pocket. Defendant grabbed the child, threatened to take the child away from Mency, and slapped Mency across the face two times, causing her to fall to the ground. Thereafter, Mency was able to run to her car with the child. The two got into the driver's seat, and Mency placed the child in the backseat before rushing out of the parking lot. Defendant followed Mency in his car, passed her on the road, slammed on his brakes in front of her, jumped out of his car, and started to run back towards her. Mency then put her car in reverse and "slammed on the gas," driving backwards away from defendant. Defendant continued to drive "irate" and follow Mency, striking the rear of Mency's car while the two were travelling at approximately 50 miles per hour. After the collision, the child began to complain of head and neck pain, so Mency turned to proceed to the emergency room rather than to the police station. Upon arriving at Pitt County Memorial Hospital, Mency jumped out of the car with the child and ran inside to seek help and medical treatment. Defendant chased Mency towards the emergency room, grabbing her arm, but he did not follow her inside the hospital.

Mency was treated by emergency physician Peggy Goodman ("Dr. Goodman") for multiple injuries, including hematomas, bruises, and soft tissue swelling to her left cheek and the left posterior part of her scalp. Mency testified the pain and swelling in her head persisted for some time after the incident, and the area where defendant had struck her with the gun was still sore to the touch at the time of trial.

On 23 August 2010, a grand jury indicted defendant for the following offenses:

AWDWISI, assault with a deadly weapon with a minor present, assault by pointing a gun, three counts of assault on a female, driving while license revoked, misdemeanor child abuse, misdemeanor larceny, assault with a deadly weapon, possession of a firearm by a felon, and attaining habitual felon status.

Defendant was tried by a jury on all charges beginning 1 March 2011. At the opening of the trial, defendant requested a continuance so that he may obtain counsel of his choice. Defendant's request was denied. Defendant presented no evidence at trial. At the close of the State's evidence, the trial court granted defendant's motions to dismiss the charges of one count of assault on a female, driving while license revoked, misdemeanor larceny, and assault with a deadly weapon. The remaining charges were submitted to the jury, and the jury returned unanimous guilty verdicts on those charges, as well as attaining habitual felon status. Defendant was sentenced in the presumptive range to two consecutive terms of 96 to 125 months' imprisonment.

Ore, 2012 WL 37932, at *1-2.

Legal Discussion

i. Summary Judgment

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the

4

evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

    ii.    The Antiterrorism and Effective Death Penalty Act ("AEDPA") Standard

A federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see Nevada v. Jackson, 133 S. Ct. 1990, 1992 (2013) (per curiam); Metrish v. Lancaster, 133 S. Ct. 1781, 1786–92 (2013); Marshall v. Rodgers, 133 S. Ct. 1446, 1450–51 (2013) (per curiam); Parker v. Matthews, 132 S. Ct. 2148, 2151–56 (2012) (per curiam); Hardy v. Cross, 132 S. Ct. 490, 493–94 (2011) (per curiam); Bobby v. Dixon, 132 S. Ct. 26, 29–31 (2011) (per curiam); Cavazos v. Smith, 132 S. Ct. 2, 4–8 (2011) (per curiam); Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling

> Supreme Court precedents, that the [petitioner's] constitutional rights were
> violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Burt v. Titlow, 134 S. Ct. 10 (2013); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Congress intended the AEDPA standard to be difficult to meet. Burt, 134 S. Ct. at 16; Harrington v. Richter, 131 S. Ct. 770, 786 (2011); see Moore v. Hardee, 723 F.3d 488, 495–96 (4th Cir. 2013). "Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington, 131 S. Ct. at 787. In order to prevail in an action brought under section 2254(d), a petitioner must show that "there was no reasonable basis for the state court to deny relief." Id. at 784; see DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir.), cert. denied, 132 S. Ct. 818 (2011).

 a. Ground One: the trial court committed reversible error in denying petitioner's motion to dismiss the assault with a deadly weapon inflicting serious injury charge for insufficient evidence.

The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979).

Petitioner raised this claim in his direct appeal and the claim was denied on the merits. The court held as follows:

Defendant's first argument on appeal is that the trial court erred in denying his motion to dismiss the AWDWISI charge. "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (internal quotation marks and citations omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994). "This Court reviews the trial court's denial of a motion to dismiss de novo." State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

To submit an AWDWISI charge to the jury, the State must present substantial evidence of the following four elements: "(1) an assault, (2) with a deadly weapon, (3) inflicting serious injury, (4) not resulting in death." State v. Jones, 353 N.C. 159, 164, 538 S.E.2d 917, 922 (2000); see also N.C. Gen. Stat. § 14-32(b) (2009). Here, defendant contends only that the State presented insufficient evidence of the third element - that the injury sustained by Mency was a "serious injury."

Our Supreme Court has explained that the term "serious injury" as used in section 14-32 of our General Statutes "means physical or bodily injury resulting from an assault with a deadly weapon." State v. James, 321 N.C. 676, 688, 365 S.E.2d 579, 586 (1988). Our Courts have declined to further define serious injury for purposes of assault prosecutions. State v. Ezell, 159 N.C. App. 103, 110, 582 S.E.2d 679, 684 (2003). "'Whether a serious injury has been inflicted is a factual determination within the province of the jury.'" State v. Walker, 204 N.C. App. 431, 446, 694 S.E.2d 484, 495 (2010) (quoting State v. Morgan, 164 N.C. App. 298, 303, 595 S.E.2d 804, 808-09 (2004)). "Relevant factors in determining whether serious injury has been inflicted include, but are not limited to: (1) pain and suffering; (2) loss of blood; (3) hospitalization; and (4) time lost from work." Morgan, 164 N.C. App. at 303, 595 S.E.2d at 809. Moreover, as our Supreme Court has expressly noted: Cases that have addressed the issue of the sufficiency of evidence of serious injury appear to stand for the proposition that as long as the State presents evidence that the victim sustained a physical injury as a result of an assault by the defendant, it is for the jury to determine the question of whether the injury was serious. State v. Alexander, 337 N.C. 182, 189, 446 S.E.2d 83, 87 (1994).

In the present case, Mency testified at trial that defendant's blow to the back of her head drew blood and caused her to immediately react to the pain. Mency further testified that the pain and soreness persisted for some time following the incident. In addition, Dr. Goodman testified that Mency sustained a hematoma and soft tissue

swelling to the left posterior area of her scalp where defendant struck her with the butt of the gun. We hold this to be sufficient evidence of injury to withstand defendant's motion to dismiss, and therefore, the trial court did not err in denying the motion.

Ore, 2012 WL 379342 at *3-4. The Court of Appeals' opinion which found sufficient evidence of injury to withstand defendant's motion to dismiss did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Wright and Jackson. Nor is the opinion based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. See Harrington, 131 S. Ct. at 784-85; see also Cullen v. Pinholster, 131 S. Ct. 1388, 1389-99 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The claim is dismissed.

    b.       Ground Two through Four: the trial court committed reversible plain error by failing to submit a lesser-included offense instruction to the jury; the trial court erred by instructing the jury that, as a matter of law, a handgun is a deadly weapon; and, the trial court plainly erred in failing to instruct the jury on the charge of assault with a deadly weapon in the presence of a minor that a motor vehicle was a deadly weapon.

The next group of claims challenges the jury instructions given to the jury by the court. First, the Supreme Court has never held that due process requires lesser-included instructions in non-capital state trials. See Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980) (expressly reserving this issue) see Robinson v. North Carolina Attorney General, 238 F.3d 414 (4th Cir. 2000) (unpublished) (petitioner was not entitled to federal habeas relief from state court conviction based on claim that North Carolina trial court denied him federal due process by refusing to give

lesser-included offense instruction in non-capital case); Skinner v. Jackson, 2008 WL 686267, *4 (M.D.N.C. March 7, 2008) (same); see also, Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988) ("In a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional question."). Second, because "federal habeas corpus relief does not lie for errors of state law," a federal court may grant the writ based on errors in state jury instructions only in extraordinary cases. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "The question in [] a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely whether 'the instruction is undesirable, erroneous, or even universally condemned,' id., at 146." Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting and citing Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

The Court of Appeals addressed these issues as follows:

B. Failing to instruct on lesser-included offenses
"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." State v. Millsaps, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). However, "when the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence relating to any element, the submission of a lesser included offense is not required." State v. Porter, 198 N.C. App. 183, 189, 679 S.E.2d 167, 171 (2009). "'The mere contention that the jury might accept the State's evidence in part and might reject it in part is not sufficient to require submission to the jury of a lesser offense.'" Id. (quoting State v. Black, 21 N.C. App. 640, 643-44, 205 S.E.2d 154, 156, aff'd, 286 N.C. 191, 209 S.E.2d 458 (1974) (citation omitted)).

Here, defendant argues the trial court plainly erred in failing to instruct the jury on assault with a deadly weapon, assault inflicting serious injury, and simple assault, all of which are misdemeanor offenses under N.C. Gen. Stat. § 14-33 (2009) and are lesser-included offenses of AWDWISI, a felonious assault under N.C. Gen. Stat. § 14-32. The primary distinction between a felonious assault under section 14-32 and a misdemeanor assault under section 14-33 is that felonious assault requires a showing that both a deadly weapon was used and a serious injury resulted, whereas a misdemeanor assault requires only that either a deadly weapon was used or a serious injury resulted, but not both. State v. Owens, 65 N.C. App. 107, 110-11, 308 S.E.2d 494, 498 (1983). Defendant contends that reasonable jurors could differ as to

the serious nature of the injuries inflicted by defendant on Mency, as well as to the deadly nature of the handgun, given the way in which defendant used it to strike Mency rather than shooting her.

Nonetheless, the State presented clear and positive evidence as to each element of the AWDWISI offense. As explained previously, the State presented evidence that Mency sustained bruises, swelling, and bleeding to her head as a result of defendant's striking her on the head with a handgun. Mency proceeded to the hospital immediately after the incident, where she received treatment for the injuries. The pain resulting from the blows persisted for some time after the incident, and Mency was still experiencing some soreness on her head from the blow at the time of trial. In addition, the State's evidence was not contradictory as to the injuries sustained by Mency, and defendant likewise presented no conflicting evidence as to the nature of Mency's injuries.

Further, this Court has expressly held that "a handgun is a deadly weapon per se." State v. McCree, 160 N.C. App. 200, 206, 584 S.E.2d 861, 865 (2003). Accordingly, "the State was merely required to show that defendant possessed a handgun in order to establish the 'deadly weapon' element." Id. Consequently, the evidence did not require submission of the lesser-included offenses to the jury in the present case.

C. Failing to instruct the jury that a motor vehicle is the alleged deadly weapon for the charge of assault with a deadly weapon with a minor present
Defendant contends the trial court's jury instruction on the charge of assault with a deadly weapon with a minor present amounted to plain error in that the trial court failed to instruct the jury as to the deadly weapon allegedly used by defendant in the commission of this offense. The indictment for this offense alleged the deadly weapon used was "a motor vehicle." The evidence produced at trial showed that the child was present both when defendant struck Mency with the handgun, as well as when defendant struck the rear of Mency's car with his vehicle on the way to the hospital. During its jury charge, the trial court first instructed the jury on the AWDWISI offense, where the deadly weapon specified was a handgun. Following that instruction, the trial court instructed the jury on the offense of assault with a deadly weapon with a minor present, where the deadly weapon was not specified. Defendant argues that given the trial court's incomplete jury instruction, he is unable to determine whether there was a unanimous jury verdict as to the deadly weapon used in the commission of this offense.

Defendant correctly points out that "where the court charges correctly at one point and incorrectly at another, a new trial is necessary because the jury may have acted upon the incorrect part. . . . A new trial must also result when ambiguity in the charge affords an opportunity for the jury to act upon a permissible but incorrect interpretation. The jury cannot be expected to know which of two conflicting instructions is correct." State v. Harris, 289 N.C. 275, 280, 221 S.E.2d 343, 347 (1976) (internal quotation marks and citations omitted). Here, the trial court properly

10

Case 5:13-hc-02011-BO   Document 30   Filed 07/09/14   Page 10 of 16

instructed the jury on the elements of the offense of assault with a deadly weapon with a minor present. Although the deadly weapon was not specified in the jury charge, no part of the jury instruction was actually incorrect. However, reading the jury instructions as a whole, the ambiguity in the deadly weapon used for this offense could have afforded an opportunity for the jury to find defendant guilty based on a different incident than that alleged in the indictment.

Nonetheless, even if the trial court erred in failing to instruct the jury on the deadly weapon alleged in the indictment for this offense, defendant has failed to meet his burden of showing that had the trial court properly instructed the jury that the alleged deadly weapon was a motor vehicle, the jury probably would have returned a different verdict. It has long been established in our law that "a motor vehicle may be a deadly weapon if used in a dangerous and reckless manner." State v. Jackson, 74 N.C. App. 92, 95, 327 S.E.2d 270, 272 (1985); see also State v. Lopez, 363 N.C. 535, 542, 681 S.E.2d 271, 276 (2009) ("'[I]t is well settled in North Carolina that an automobile can be a deadly weapon if it is driven in a reckless or dangerous manner.'" (quoting State v. Jones, 353 N.C. 159, 164, 538 S.E.2d 917, 922 (2000))).

The evidence produced at trial shows that defendant chased Mency in his vehicle, drove in an "irate" manner, attempted to block traffic with his vehicle so that Mency could not pass, and intentionally struck Mency's vehicle with his vehicle while travelling at speeds of up to 50 miles per hour. This evidence shows that defendant was operating his vehicle in a manner such that it constituted a deadly weapon. Given this evidence, we perceive no likelihood that the result of the trial on this charge would have been different had the trial court instructed the jury as to the identity of the deadly weapon.

D. Instruction that handgun is a deadly weapon
Defendant argues the trial court erred in instructing the jury that "[a] handgun is a deadly weapon" when instructing the jury on the elements of the AWDWISI charge. However, defendant has failed to preserve this issue for appellate review. Defendant failed to object to such instruction at trial, and defendant has not contended in his brief that such instruction amounted to plain error. See N.C.R.App. P. 10(a)(2), (4) (if the defendant did not object to a jury instruction at trial before the jury retired, the defendant must "specifically and distinctly" contend the instruction amounted to plain error to preserve the question for appellate review); see also State v. Goss, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007).

Moreover, this Court has expressly stated that "numerous cases of our appellate courts state, without qualification, that a gun or pistol is a deadly weapon per se." State v. Bell, 87 N.C.App. 626, 637, 362 S.E.2d 288, 294 (1987) (emphasis added); see also McCree, 160 N.C.App. at 206, 584 S.E.2d at 865. In Bell, the defendant presented the same argument that defendant presents in the present case, "that a gun is not a deadly weapon unless it is used in a way that is likely to cause serious injury, and that, because there was some evidence that a pistol was used to strike the victim, rather than

11

> to shoot him, the nature of the instrument as a deadly weapon was a question of fact for the jury." Bell, 87 N.C.App. at 636, 362 S.E.2d at 294. Given our prior holdings, even had defendant preserved his argument for appellate review, his contention is without merit.

Ore, 2012 WL 379342 at *4-7. The Court of Appeals' opinion did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Lewis, Cupp, and Henderson. Nor is the opinion based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. See Harrington, 131 S. Ct. at 784-85; see also Cullen, 131 S. Ct. at 1389-99. The claims are dismissed.

    c.    Grounds Five through Seven: the trial court erred in overruling petitioner's objection to evidence of an unsigned judgment in the guilt-innocence phase of trial; the trial court erred in overruling petitioner's objection to the admission of an unsigned judgment in the habitual felon phase of trial; and, the trial court erred in denying petitioner's motion to dismiss the habitual felon charge.

These three claims appear to take issue with the introduction and use of evidence of an unsigned judgment. Therefore, the court reviews these issues as ones asserting additional claims of insufficiency of evidence. Again, the standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). The Court of Appeals reviewed the claims and held as follows.

> Defendant's next three arguments concern the trial court's admitting into evidence a certified copy of a judgment suspending sentence that was not signed by the presiding judge as proof of a prior felony conviction. In the present case, defendant was convicted of both possession of a firearm by a felon, as well as attaining habitual

felon status. For both offenses, the State presented the challenged evidence as proof that defendant had been previously convicted of felony possession with intent to sell and deliver ("PWISD") cocaine on 16 April 2008 in Beaufort County Superior Court. Defendan's argument is that because the judgment was not signed by the presiding judge, it is not a valid judgment and was therefore inadmissible. Defendant argues that without such inadmissible evidence, the State failed to prove defendant's prior conviction for purposes of both possession of a firearm by a felon and attaining habitual felon status. We are not persuaded.

First, defendant's contention that the judgment suspending sentence was not a valid judgment because it was not signed by the presiding judge is misguided. "Contrary to defendant's contentions, we have held that '[i]n a criminal case, for entry of judgment to occur, a judge must either announce his ruling in open court or sign the judgment containing the ruling and file it with the clerk.'" State v. Kerrin, ___ N.C. App. ___, ___, 703 S.E.2d 816, 818 (2011) (alteration in original) (emphasis added) (quoting N.C. Dep't of Corr. v. Brunson, 152 N.C. App. 430, 437, 567 S.E.2d 416, 421 (2002) (citing State v. Boone, 310 N.C. 284, 311 S.E.2d 552 (1984))). Indeed, in criminal cases, "[j]udgment is entered when sentence is pronounced." N.C. Gen. Stat. § 15A-101(4a) (2009) (emphasis added). Here, defendant makes no argument that he was not actually convicted of the PWISD cocaine offense, nor does he argue that the judge did not announce his ruling or sentence for that offense in open court. Further, during a voir dire hearing on the admissibility of the judgment, a deputy with the Pitt County Sheriff's Office testified that defendant was currently serving an active sentence for that offense. Thus, defendant's arguments concerning the validity of the judgment are inapposite.

In addition, defendant's reliance on the judgment's lack of signature as rendering the judgment inadmissible as proof of a prior conviction is similarly misguided. For both offenses, the State need only prove the defendant's "conviction" of the prior felony. See N.C. Gen. Stat. § 14-415.1 (2009); N.C. Gen. Stat. § 14-7.1 (2009). This Court has expressly stated that "[a] formal entry of judgment is not required in order to have a conviction." State v. Bradley, 175 N.C. App. 234, 236, 623 S.E.2d 85, 87 (2005). Thus, defendant's arguments that, given the lack of signature, the judgment cannot evidence a prior conviction are likewise inapposite.

The statutes governing these two offenses both "dictate[] what amount of evidence is sufficient for the judge to submit an habitual felon case to the jury." State v. Hairston, 137 N.C. App. 352, 354-55, 528 S.E.2d 29, 31 (2000). Where a defendant is charged with possession of a firearm by a felon under N.C. Gen. Stat. § 14-415.1, "records of prior convictions of any offense . . . shall be admissible in evidence for the purpose of proving a violation of this section." Id. "A judgment of a conviction of the defendant or a plea of guilty by the defendant to such an offense certified to a superior court of this State from the custodian of records of any state or federal court shall be prima facie evidence of the facts so certified." Id.

13

> Similarly, where a defendant is charged under the provisions of the habitual felon statute, N.C. Gen. Stat. §§ 14-7.1 et seq., "the record or records of prior convictions of felony offenses shall be admissible in evidence, but only for the purpose of proving that said person has been convicted of former felony offenses." N.C. Gen. Stat. § 14-7.4 (2009). A prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein. Id.
>
> Here, the judgment suspending sentence offered by the State to prove defendant's prior PWISD cocaine conviction indicated that defendant "pled guilty to" a felony offense of PWISD cocaine. The judgment likewise indicates the date of the offense as 25 January 2007, and the judgment is dated 16 April 2008. The judgment is also certified as "a true and complete copy of the original which is on file in this case" by a deputy clerk of superior court. In addition to the judgment suspending sentence, a certified copy of the transcript of plea supporting the challenged unsigned judgment was introduced into evidence. The transcript of plea indicates that defendant pled guilty in file number 07 CRS 50349, which, according to the judgment, is a felony offense of PWISD cocaine. The transcript of plea is signed by the judge, as well as defendant, and dated 16 April 2008. Furthermore, the last page of the transcript of plea is stamped with a seal stating, "I hereby certify that the above and foregoing is a true copy of the original filed in this office." The seal was signed by a Deputy Assistant Clerk of Beaufort County. Thus, the certified record of the judgment and the transcript of plea constituted prima facie evidence of defendant's prior felony conviction, were properly admissible for that purpose pursuant to the statutes quoted above, and support defendant"s convictions for both possession of a firearm by a felon and attaining habitual felon status. The trial court did not err in admitting the evidence to prove defendant's prior conviction, and the trial court properly denied defendant's motion to dismiss the habitual felon status.

Ore, 2012 WL 379342 at *7-9. The Court of Appeals' decison did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Wright and Jackson. Nor is the opinion based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. See Harrington, 131 S. Ct. at 784-85; see also Cullen, 131 S. Ct. at 1389-99. The claims are dismissed.

d.  Ground Eight: the trial court erred in denying petitioner's motion to continue on ineffective assistance of counsel grounds.

In Strickland v. Washington, 466 U.S. 668, 687-90 (1984), the Supreme Court held that to prove ineffective assistance of counsel a petitioner must show counsel's performance was deficient and that the deficiency prejudiced his case. As to this issue the Court of Appeals held the following.

> Defendant's final contention is that the trial court committed reversible error by denying his motion to continue on the grounds of ineffective assistance of counsel. "In most circumstances, a motion to continue is addressed to the sound discretion of the trial court, and absent a manifest abuse of that discretion, the trial court's ruling is not reviewable. However, when a motion to continue raises a constitutional issue, . . . the trial court's ruling is fully reviewable by an examination of the particular circumstances of each case." State v. Rogers, 352 N.C. 119, 124, 529 S.E.2d 671, 674-75 (2000) (internal quotation marks and citations omitted). "Generally, the denial of a motion to continue, whether a constitutional issue is raised or not, is sufficient grounds for the granting of a new trial only when the defendant is able to show that the denial was erroneous and that he suffered prejudice as a result of the error." Id. at 124, 529 S.E.2d at 675.
>
> "To establish a constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense. To demonstrate that the time allowed was inadequate, the defendant must show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion." State v. Williams, 355 N.C. 501, 540-41, 565 S.E.2d 609, 632 (2002) (internal quotation marks and citations omitted).
>
> Notably, in the instant case, defendant does not allege he suffered ineffective assistance of counsel at trial. Defendant simply alleges his trial counsel spent only "23 hours," the "vast majority" of which was during trial, on his case. Defendant argues this shows his trial counsel was not properly prepared and therefore was ineffective. Defendant points out that he asked for the continuance on the day of trial so that he might interview private counsel and retain private counsel to better prepare his defense. However, nowhere in his arguments to the trial court or in his brief does defendant state what efforts he had undertaken to obtain private counsel prior to the date of trial, any way in which his attorney's representation at trial was actually deficient, or how a continuance for new counsel would have possibly changed the outcome of the present case. Defendant does not state there was further evidence his private attorney might have obtained or other witnesses a private attorney might have

15

> interviewed that would have benefitted his defense. We also note the trial court
> dismissed four of the charges against defendant at the close of the State's evidence
> in response to a motion to dismiss by defendant's trial counsel. Defendant's
> arguments on this issue are simply without merit. The trial court did not err in
> denying defendant's motion to continue.

Ore, 2012 WL 379342 at *9. The Court of Appeals' decision did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Strickland. Nor is the opinion based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. See Harrington, 131 S. Ct. at 784-85; see also Cullen, 131 S. Ct. At 1389-99 (2011). Furthermore, any issues which petitioner may be attempting to raise outside those raised and noted in his appeal are non-exhausted and dismissed without prejudice. See 28 U.S.C. § 2254(b)(1)(A) (exhaustion requirement) and Rose v. Lundy, 455 U.S. 509 (1982). The claim is dismissed.

Conclusion

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 22], and DISMISSES Ore's application for a writ of habeas corpus [D.E. 1]. The court has reviewed the certificate of appealablility under the governing standard. See 28 U.S.C. § 2253(c). The certificate of appealability is DENIED. Id. The clerk shall close this case.

SO ORDERED, this __8__ day of July 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE